United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Christian Torres, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-20803-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

### Order Dismissing Complaint

Plaintiff Christian Torres's initial complaint failed provide *any* jurisdictional allegations whatsoever. Based on that failure, the Court had no way of determining whether Torres's case against Carnival Corporation was properly before it. As a result, the Court ordered Torres to file an "amended complaint which adequately alleges federal-subject-matter jurisdiction." (Order, ECF No. 5.) Torres was forewarned that "if . . . the amended complaint fails to provide the facts necessary to establish jurisdiction, the Court may dismiss this case without prejudice." (*Id.*) In amending his complaint, Torres improperly pleads diversity jurisdiction and fails to properly allege any other source of jurisdiction. (Am. Compl., ECF No. 6.) Because Torres has not carried his burden of establishing the Court's jurisdiction and because he has failed to comply with the Court's order, the Court **dismisses** his complaint, albeit **without prejudice** to his refiling it in either state court, or, if he can properly allege federal subject-matter jurisdiction, again in federal court.

Torres's factual allegations affirmatively establish the parties to this case are not diverse: Torres is a Florida citizen (Compl. at ¶ 4); and Carnival is both a foreign citizen (improperly, Torres does not specify Carnival's country of incorporation) as well as a Florida citizen (Carnival's principal place of business is in Florida) (*id.* at ¶ 2). This dispute, then, is decidedly not between citizens of different states. The Court is baffled by counsel's determination that a suit brought by a Florida citizen against another Florida citizen somehow satisfies the requirements of diversity jurisdiction.

At the same time, Torres also maintains "[j]urisdiction also is proper as this claim occurred on the seas, giving this [C]ourt jurisdiction under Article III, Section 2 of the United States Constitution." (*Id.*) To the extent Torres seeks, through this vague allegation, to assert this Court's admiralty jurisdiction, his attempt fails. "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with marine activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 534 (1995). Although Torres alleges "this claim occurred on the seas," he fails to set forth allegations actually connecting his allegations—that Carnival improperly served him

alcohol, while he was underage and on an excursion in the Bahamas—to marine activity. It is not the Court's job, to the extent Torres even seeks to implicate the Court's admiralty jurisdiction, to connect these dots for him. As counsel should be well aware, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).[1]

In short, Torres has failed to comply with the Court's order requiring him to "adequately allege[] federal-subject-matter jurisdiction." (Order at 1.) As a result, the Court **dismisses** Torres's complaint, albeit **without prejudice** to his refiling it either in state court, or, if he can properly allege federal subject-matter jurisdiction, again in federal court. The Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on March 22, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Torres also "demands trial by jury." (Am. Compl. at 6.) A demand for a jury trial is incompatible with admiralty jurisdiction. *See, e.g.*, *Beiswenger Enters. Corp. v. Carletta,* 86 F.3d 1032, 1036–37 (11th Cir.1996) ("[I]n all admiralty cases, there is no right to a jury trial."); *Baughan v. Royal Caribbean Cruises, Ltd.*, 944 F. Supp. 2d 1216, 1217–18 (S.D. Fla. 2013) ("Federal Rule of Civil Procedure 38(e) removes the right of trial by jury in admiralty cases.")